

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-75,982; AP-75,983; AP-75,984

### EX PARTE FRANK FLORES, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. F-0450069-UP, F-0450070-HP & F-0450071-HP IN THE 203RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of aggravated robbery and sentenced to three terms of forty years' imprisonment. The Fifth Court of Appeals dismissed his appeals. *Flores v. State*, Nos. 05-04-01506-CR, 05-04-01507-CR & 05-04-01508-CR (Tex. App.–Dallas, Jan. 24, 2005, no pet.).

Applicant contends that he was denied his right to appeal his convictions. The trial court has

entered findings of fact and conclusions of law and recommends that Applicant be granted out-of-time appeals. We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. F-0450069-UP, F-0450070-HP and F-0450071-HP from the 203rd Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: September 10, 2008
Do Not Publish